UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLARENCE ALONZO MUMFORD, JR., § | | |
| TDCJ No. 00328287, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil No. SA-21-CA-0067-XR |
| § | | |
| BOBBY LUMPKIN,[1] Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Clarence Mumford, Jr.'s petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner is currently incarcerated at TDCJ's John B. Connally Unit as a result of four convictions from Harris County—two aggravated robbery convictions from 1981, an aggravated robbery conviction from 2001, and an aggravated assault of a police officer conviction from 2001. According to the petition, on September 18, 2020, Petitioner was found guilty in prison disciplinary case number 20210003015 of refusing his housing assignment. As a result of this proceeding, Petitioner claims his line classification was reduced, he lost commissary privileges for 60 days and he lost recreational privileges for 45 days. Petitioner states that he unsuccessfully appealed this determination through TDCJ's two-step grievance procedure.

On January 29, 2021, Petitioner filed the instant § 2254 petition challenging the results of this prison disciplinary proceeding. Specifically, Petitioner contends: (1) he was not allowed to

---

[1] Petitioner named the Executive Director of the Texas Department of Criminal Justice (TDCJ), Bryan Collier, as Respondent. However, the correct Respondent in this case is Bobby Lumpkin, the current Director of TDCJ's Correctional Institutions Division. As such, Lumpkin will be substituted as the proper Respondent.

call the charging officer as a witness at the hearing, (2) the charging officer was erroneously excluded by the hearing officer, and (3) counsel substitute presented irrelevant evidence and failed to present the charging officer as a witness. For the reasons discussed below, Petitioner is not entitled to federal habeas relief because his petition does not implicate a protected liberty interest.

## Analysis

Challenges to disciplinary proceedings generally do not raise a cognizable constitutional violation unless the petitioner has lost good-time credits and is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Petitioner has established neither in this case, as he does not claim to have lost good-time credits and he is not eligible for release on mandatory supervision under Texas law as a result of his underlying 2001 convictions for aggravated assault and aggravated robbery. ECF No. 1 at 5; *see also* Tex. Gov't Code § 508.149(a)(7), (12) (stating prisoners convicted of a first or second degree felony under Texas Penal Code Section 22.02 or a first degree felony under Texas Penal Code Section 29.03 are not eligible for mandatory supervision). Because Petitioner is not eligible for mandatory supervision, his petition does not implicate a protected liberty interest even if he had lost good-time credits as a result of the disciplinary case. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002).

Similarly, Petitioner's temporary loss of privileges and the reductions in his line classification will not affect the length of his sentence and thus do not implicate a protected liberty interest. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications"); *Madison v. Parker*, 104 F.3d

765, 768 (5th Cir. 1997) (holding that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns). Because Petitioner has not lost a protected liberty interest, there is no predicate for a habeas corpus or civil rights due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483-87 (1995) (prisoner's allegations he was placed in administrative segregation for thirty days for alleged violation of prison regulations did not amount to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and did not affect duration of his sentence and thus did not amount to the deprivation of a protected liberty interest as a basis for a due process claim).

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Based on the foregoing reasons, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Clarence Mumford, Jr.'s § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3.	All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this 28th day of January, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE